707 A.2d 1090

JOHN H. ROGERS, PLAINTIFF–RESPONDENT, v. ZONING BOARD OF ADJUSTMENT OF THE VILLAGE OF RIDGEWOOD AND THE VILLAGE OF RIDGEWOOD, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 31, 1998—Decided April 13, 1998.

Before Judges PRESSLER, CONLEY and WALLACE.

*Sydney V. Stoldt, Jr.*, argued the cause for appellant Village of Ridgewood (*Stoldt, Horan & Kowal*, attorneys; *Mr. Stoldt*, of counsel; *Dorothy A. Kowal*, on the brief).

*Karas, Kilstein, Hirschklau, Feitlin & Youngman*, attorneys for appellant Zoning Board of Adjustment of the Village of Ridgewood, join in the action by appellant Village of Ridgewood.

Respondent did not file a brief.

PER CURIAM.

Defendant Zoning Board of the Village of Ridgewood, joined by defendant Village of Ridgewood, appeals from a judgment of the Law Division reversing its interpretation of the sign provisions of its zoning ordinance and its consequent denial of the application of plaintiff John H. Rogers for a variance permitting the message on a non-conforming business sign to be changed consistently with the new business use to which his new tenant has put the property. We affirm.

The facts are not in dispute. Plaintiff is the owner of a two-story building located in the Village's B1 retail zone. For many years, the building had been occupied as office premises by Allstate Insurance Company. A free-standing sign in front of the building had carried Allstate's message for some twenty-seven years. The Village adopted a sign ordinance in 1991 rendering Allstate's sign structure non-conforming in various dimensional respects. Thus, the ordinance requires free-standing signs to be located 40 feet from the building, and this one was located only

approximately 28 feet away. Moreover, the ordinance limits the height of a free-standing sign to 10 feet and its area to 12 square feet. This sign is 13.9 feet high and has an area of 31.5 square feet. Allstate vacated the premises several years after the adoption of the sign ordinance, and plaintiff entered into a lease with a new tenant for use of the property as a nail salon, a permitted use. Plaintiff and his tenant wish to retain the Allstate sign, changing its message to one appropriate to the nail salon. Permission to do so having been denied by the zoning officer, plaintiff then applied to the Board of Adjustment seeking either an interpretation that the sign was a protected non-conforming use whose business message could be changed to reflect the new business on the premises or, in the alternative, a variance permitting him to do so. Both applications were denied, and plaintiff accordingly commenced this action in lieu of prerogative writs.

During the pendency of the action in the Law Division, the Village adopted an amendment to its sign ordinance. Among those amendments is § 190–122B(2)(b), which provides that:

Whenever there is a change in occupancy of a building or premises, including any vacancy of such building or premises, the message of any sign or signs which identify or advertise an individual, business, service, product or other item that is no longer present or available in the building or on the premises shall be removed.

Section 190–122B(3)(d)(2) addresses non-conforming signs, providing in pertinent part neither the sign structure nor the sign message shall "be altered unless the alteration will result in both the sign structure and the message conforming in all respects with the provisions of this chapter." The net effect of these amendments is to prohibit a change of message on a non-conforming sign. To the extent the amendments are valid, they apply to plaintiff's applications under the so-called time of decision rule. *See, e.g., Manalapan Realty v. Tp. Committee,* 140 *N.J.* 366, 379, 658 *A.*2d 1230 (1995).

The sole legal issue before us is whether, to the extent the amendments prohibit the change of message on a non-conforming business sign to reflect the new and different permitted business being conducted on the premises, they impair the right which

*N.J.S.A.* 40:55D–68 accords property owners to maintain non-conforming uses. If so, then clearly plaintiff's right to maintain the sign structure with the new message also cannot be abridged by action of the board of adjustment, and no variance is necessary.

This precise question was before us in *Camara v. Board of Adjustment*, 239 *N.J.Super.* 51, 570 *A.*2d 1012 (App.Div.1990), where the non-conforming sign advertised a liquor store. When the liquor store left the premises, they were let to a chiropractor, who wished to keep the sign entirely as it was but for a change in the message consistent with her chiropractic practice. The owner sought permission from the board of adjustment for retention of the sign with the message change. The board denied permission, and its denial was sustained by the Law Division. On appeal to this court, the majority affirmed the Law Division's judgment on the ground that a new message on an existing sign to advertise a new business constituted a new use even though both the former and the present businesses were permitted uses. Since the majority concluded that the sign use was "new," it could not, by definition, constitute the continuation of a prior use. Judge Skillman dissented. The difference in their respective views was expressed by Judge Skillman as follows:

If liquor stores and chiropractic offices were both prohibited uses in the zone, I would have little hesitancy in concluding that plaintiff's use of the property for a chiropractic office would constitute a substantial change in its prior nonconforming use as a liquor store and therefore would be prohibited. However, neither the prior nor the current use of the property violates the zoning ordinance. Therefore, it seems to me that the only issue in this case is whether the change from one permitted use to another permitted use resulted in any substantial change in the nonconforming structure. It also seems to me that if we accept plaintiff's testimony that the sign is the same size and shape and uses the same method of suspension and illumination as when it said "Greylock Liquors," we must conclude that there has been no substantial change. Whatever inconsistency may have existed between the municipality's present sign restrictions and the "Greylock Liquors" sign remains the same despite the change in the lettering to read "Greylock Chiropractic Clinic." [Footnote omitted.]

The majority's theory would have significant implications in other situations involving a property owner's right to maintain a nonconforming structure upon a change in a permitted use. For example, there are frequently freestanding signs adjoining shopping malls which identify the businesses conducted therein. As I read the majority opinion, if a municipality were to adopt an ordinance prohibiting

such signs or limiting their size, it could require existing signs enjoying the status of nonconforming structures to be removed whenever there was a change in one of the businesses conducted on the premises. Indeed, if a municipality amended its zoning ordinance to impose more stringent setback requirements upon commercial structures, the majority's theory could be applied to authorize a municipality to impose those requirements with respect to an existing building simply upon a change in the kind of business conducted therein. In my view, *N.J.S.A.* 40:55D–68 preserves a property owner's right to maintain a nonconforming structure under such circumstances.

[239 *N.J.Super.* at 63–64, 570 *A.*2d 1012]

Having considered both views as stated in *Camara,* we find ourselves in agreement with Judge Skillman for the reasons expressed by him, and we fully endorse and adopt them. Accordingly, we conclude that the sign in question cannot lose its protected non-conforming status simply by reason of the fact that its message is changed to advertise the new permitted business to which it is ancillary.

The judgment appealed from is affirmed.